**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
425 Third Street, S.W., Suite 800⠀⠀⠀⠀)
Washington, DC 20024,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No.
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
U.S. DEPARTMENT OF JUSTICE,⠀⠀⠀⠀)
950 Pennsylvania Avenue, N.W.⠀⠀⠀⠀)
Washington, DC 20530-0001,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀)
_____)

**COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.⠀⠀⠀⠀The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.⠀⠀⠀⠀Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.⠀⠀⠀⠀Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.  Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. In the Second Declaration of David M. Hardy, which was filed on December 6, 2017 in *CNN v. Federal Bureau of Investigation*, Case Number 17-cv-01167, Mr. Hardy testifies:

> The FBI is confident that it has identified and located the entire collection of documents comprising the 'Comey Memos.' To be sure, however, the FBI consulted with the Special Counsel's Office and confirmed that the records we located and processed in response to this portion of plaintiffs' requests represent the universe of 'Comey Memos' that exist.  Also, as explained in our first declaration, the National Security and Cyber Law Branch (NSCLB) of the FBI's Office of General Counsel was responsible for providing legal advice and guidance within the Bureau regarding the Russian interference investigation. Consequently, attorneys in NSCLB were able to confirm to staff members handling these FOIA requests that the collection of memos located *within the larger collection of former Director Comey's records* comprised the universe of the 'Comey Memos' requested by some of the plaintiffs.

 (emphasis added).

6. On December 7, 2017, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation, a component of Defendant, seeking copies of all records "located within the larger collection of former Director Comey's records" as described in the Second Declaration of David M. Hardy.

7. By letter dated December 14, 2017, the FBI acknowledged receiving Plaintiff's FOIA request and informed Plaintiff that it had assigned the request FOIAPA Request Number

1391462-000.

8.      By letter dated December 20, 2017, the FBI informed Plaintiff that it had invoked the 10-day extension of time provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

9.      As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10.      Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within the time limits set by FOIA.  Accordingly, Defendant's determination was due on or about January 31, 2018.  At a minimum, Defendant was obligated to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13.      Because Defendant failed to determine whether to comply with Plaintiff's FOIA

request, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. §

552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to

conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-

exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and

proper.

Dated:  February 5, 2018                          Respectfully submitted,

                                                  */s/ Michael Bekesha*
                                                  Michael Bekesha
                                                  D.C. Bar No. 995749
                                                  JUDICIAL WATCH, INC.
                                                  425 Third Street SW, Suite 800
                                                  Washington, DC 20024
                                                  Phone: (202) 646-5172

                                                  *Counsel for Plaintiff*